Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES VANDERWERFF, | |
| Plaintiff, | Civil Action No. 17-0784 (ES) (MAH) |
| v. | OPINION |
| QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendants' Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman's (collectively "Defendants") appeal, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c), of Magistrate Judge Michael A. Hammer's (the "Magistrate Judge") July 26, 2018 Order (D.E. No. 58, (the "July 26 Order")) denying Defendants' motion to stay discovery in this matter. (D.E. No. 59). Having considered the parties' submissions, the Court decides the matter without oral argument. *See* L. Civ. R. 78.1(b). For the reasons below, the Court AFFIRMS the Magistrate Judge's July 26 Order.

## I. Background

On February 7, 2017, Plaintiff James Vanderwerff ("Plaintiff") brought this class action on behalf of himself and others similarly situated alleging that Defendants violated various federal and New Jersey laws by making false and misleading claims regarding its dietary supplement, Prevagen. (D.E. No. 1, Complaint ("Compl.") ¶ 1). Particularly, Plaintiff seeks to represent a

nationwide class alleging that Defendants violated the Racketeer Influence and Corrupt Organizations Act, as well as a New Jersey class alleging that Defendants violated three separate New Jersey statutes. (*See id.* ¶¶ 42-90).

This action arises out of a similar set of facts as a lawsuit filed by the Federal Trade Commission ("FTC") against Defendants on January 9, 2017, in the Southern District of New York (the "FTC Action"). The FTC alleged that Defendants' products are false and misleading, in violation of sections 5(a) and 12 of the FTC Act and various New York laws. *See FTC v. Quincy Bioscience Holding Co., Inc.* 272 F. Supp. 3d 547, 551 (S.D.N.Y. 2017). The district court in that action granted Defendants' motion to dismiss for failure to state a claim. *See id.* at 549. Defendants state that an appeal of the dismissal remains pending before the Second Circuit. (*See* Defs. Mov. Br. at 1).

Defendants further contend that soon after Plaintiff filed the instant action, a new class action was filed against Defendants in the Eastern District of New York, alleging similar facts as to those in the FTC Action. *See* Defs. Mov. Br. at 4 (citing *Karathanos v. Quincy Bioscience Holding Co., et al.,* No. 17-1091, (Jan. 18, 2018)). *Karathanos* alleges deceptive acts or practices and false advertising under New York law and the federal Racketeer Influenced and Corrupt Organizations Act. No. 17-1091, D.E. No. 38. The Eastern District of New York stayed the matter pending the appeal of the FTC Action. *See id.*

A third action is also currently pending before the Northern District of California. *See Racies v. Quincy Bioscience*, LLC, No. 15-0292, 2015 WL 2398268, at *1 (N.D. Cal. May 19, 2015). In *Racies*, which asserts liabilities theories similar to the present action based on California law, the California district court denied the Defendant's motion to dismiss in part, finding that

plaintiff's allegations that representations of Prevagen were false, misleading and deceptive, were sufficient to state a claim. 2015 WL 2398268, at *1.

On June 14, 2017, Defendants in this matter filed a motion to dismiss and a motion to stay, pending the resolution of the FTC Action in the Second Circuit. (D.E. No. 27 & 28). On September 1, 2017, the Magistrate Judge issued an order denying Defendants' motion to stay this matter and ordered the Defendants to provide to Plaintiff "the documents they have provided to the FTC" and for all the parties to prepare "to discuss deadlines for the completion of written discovery, all fact discovery, experts, class certification and summary judgment." (D.E. No. 37 at 1 & 2).

On March 6, 2018, the Court administratively terminated Defendants' motion to dismiss pending the resolution of the FTC Action. (*See* D.E. No. 51 (the "March 26 Order")). The Court specifically observed that "discovery is ongoing in this action" and that "nothing in this Order shall be construed to supersede Magistrate Judge Hammer's September 1, 2017 Order." (*Id.* at 3-4).

On July 13, 2018, Defendants renewed their request that further discovery be stayed until after the Second Circuit resolves the FTC Action appeal. (D.E. No. 57). On July 26, 2018, the Magistrate Judge rejected Defendants' arguments and ordered limited discovery directed only to class certification. (D.E. No. 58). Particularly, the Magistrate Judge ordered Defendants to produce additional discovery related to total New Jersey sales of Prevagen, because "the discovery in the FTC and *Racies* actions do not cover this information." (*Id.*).

On August 3, 2018, Defendants filed the instant appeal. (D.E. No. 59). The motion is now ripe for adjudication.

## II. Legal Standard

### A. Review of Magistrate Judge Decisions

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). In considering an appeal of a non-dispositive order by a Magistrate Judge, the Court will modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A Magistrate Judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp.2d 162, 164 (D.N.J. 1998). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 969, 971 (D.N.J. 1996). However, "where a magistrate judge is authorized to exercise [his] discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007).

When a party "[s]eeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, must be applied." *Koninklijke Philips Elec. N.V. v. Hunt Control Sys., Inc.*, No. 11-3684, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014) (quoting *Salamone v. Carter's Retail, Inc.*, No. 09-

5856, 2012 WL 821494, at *4 (D.N.J. Mar. 9, 2012)). "The deferential standard of review is particularly appropriate in a case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, No. 12-2981, 2014 WL 3573339, at *1 (D.N.J. July 21, 2014) (citing *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. Oct. 15, 1998).

**B.** **Law Governing a Motion to Stay Discovery**

Under Federal Rule of Civil Procedure 26(c), the party seeking a stay of discovery must establish "good cause" for a stay. Fed. R. Civ. P. 26(c); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Galarza v. Whittle-Kinard*, No. 16-0764, 2017 WL 2198182, at *1 (D.N.J. May 18, 2017). "Courts generally do not favor granting motions to stay discovery because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation problems." *Galarza*, 2017 WL 2198182, at *1. "[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales Corp. v. Oki Date Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (citing *Chesney v. Valley Stream Union Free Sch. Dist. No.* 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Landis*, 299 U.S. at 254.

**III.** **Analysis**

Defendants contend that this Court should vacate the Magistrate Judge's July 26 Order and stay this action, or in the alternative, decide Defendants' motion to dismiss. (Defs. Mov. Br. at 3-4). Defendants rely on Federal Rules of Civil Procedure 23 and 12(b)(6) to support their argument. (*See id*. at 3 & 9). Defendants argue that requiring parties to commence discovery related to class

certification "before ruling on Defendants' Rule 12(b)(6)" would be contrary to the Federal Rules of Civil Procedure 23. (*Id*. at 3 & 9). Defendants also state that Rule 12(b)(6) is "designed to screen out cases where a complaint states a claim based upon a wrong for which there is no remedy . . . and for which no relief could possibly be granted," and failure to vacate the Magistrate Judge's July 26 Order, would be contrary to Rule 12(b)(6). (*Id.* at 3). Defendants further argue that the Magistrate Judge's July 26 Order is unfair and inconsistent with the Court's March 6 Order administratively terminating the motion to dismiss. (*Id*. at 2).

In opposition, Plaintiff argues that the order in which the Court decides the parties' motions is within the Court's discretion. (D.E. No. 60, Plaintiff's Opposition to the Defendants' Appeal from and Objections to Magistrate Judge Hammer's Order ("Pl. Opp. Br.") at 4). Therefore, Plaintiff contends that the Magistrate Judge's July 26 Order is not clearly erroneous or contrary to law. (*Id*.).

In reply, Defendants add that allowing additional discovery would "inevitably lead to the parties briefing a motion for class certification before the Second Circuit rule[s]" on the FTC Action, which it contends is unfair and inconsistent with the law. (D.E. No. 61, Defendants' Reply Brief in Support of Objection to Magistrate Judge Hammer's Order ("Defs. Rep. Br.") at 3). For the reasons below, the Court disagrees with Defendants' arguments and affirms the Magistrate Judge's July 26 Order.

The Court is not persuaded that the Magistrate Judge's July 26 Order is contrary to law or an abuse of discretion. As a starting point, Defendants' argument that it is contrary to Federal Rule of Civil Procedure 23 for the Magistrate Judge to order additional discovery prior to ruling on Defendants' motion to dismiss, is misplaced. There is no requirement that discovery must be stayed pending a decision on a party's dispositive motion. *See e.g.*, *Chamales*, 247 F.R.D. at 454

(noting that there is no requirement that discovery must be stayed pending a decision on a party's motion for summary judgment); Fed. R. Civ. P. 26(d)(3)(A) ("[M]ethods of discovery may be used in any sequence"). Further, Rule 23 is silent on the issue of whether the Court must decide a motion to dismiss before it permits discover related to class certification. *See* Fed. R. Civ. P. 23. Rather, Rule 23 states that a decision on class certification is to be issued at "an early practicable time after a person sues or is sued as a class representative . . . ." Fed. R. Civ. P. 23(c)(1)(A).

Similarly, Rule 12(b)(6) does not limit this Court's, and by extension the Magistrate Judge's, discretion to manage its case docket, including making decisions of when and how to conduct discovery. *See* Fed. R. Civ. P.12(b)(6). After all, the Court has "inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it," which "provides authority to fashion tools that aid the court in getting on with the business of deciding cases." *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985); *see also Landis,* 299 U.S. at 254 (recognizing the "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."). Consequently, it is neither unfair nor inconsistent with the law for Defendants to be required to conduct limited discovery directed only at class certification issues before the Second Circuit rules on the FTC Action.

Defendants rely on two Third Circuit cases in support of their position "[t]hat the motion to dismiss should be decided before the class certification stage." (Defs. Rep. Br. at 4 (citing *Estate of Gleiberman v. Hartford Life Ins. Co*., 94 F. App'x 944 (3d Cir. 2004) and *Zimmerman v. HBO Affiliate Grp*., 834 F.2d 1163, 1170 (3d Cir. 1987). Particularly, Defendants argue that "in *Gleiberman*, the plaintiff on appeal contend[ed] that the District Court erred in ruling on the motion

to dismiss before deciding the issue of class certification." (*Id.*). And Defendants then cite to *Zimmerman*, where the Third Circuit found no abuse of discretion in the district courts refusal to consider certification of a class before determining whether the named plaintiff had a federal cause of action. (*Id.*). Putting aside that Defendant's characterizations of these cases may be questionable, Defendants' reliance on them is misplaced for the simple fact that the present issue before the Court is not whether the Court can decide a motion to certify a class before a motion to dismiss, but rather, whether the Magistrate Judge can permit discovery related to class certification to continue before the Court decides a motion to dismiss. Neither *Gleiberman* nor *Zimmerman* say anything about that issue.

Finally, the Court is not persuaded that the Magistrate Judge's July 26 Order is inconsistent with the Court's March 26 Order administratively terminating the motion to dismiss. The Court did not state that discovery was stayed; it only stated that the motion to dismiss would be administratively terminated pending a decision on the FTC Action. (D.E. No. 51). Indeed, the Court specifically observed that "discovery is ongoing in this action" and that "nothing in this Order shall be construed to supersede Magistrate Judge Hammer's September 1, 2017 Order." (*Id.* at 3-4). Therefore, the Court use of a procedural device to temporarily terminate the pending motion did not, in any way, limit the Magistrate Judge's discretion to continue discovery in this matter, particularly when that discovery is unrelated to the FTC Action.

The Court therefore determines that the Magistrate Judge's July 26 Order is neither "clearly erroneous" nor "contrary to law" because the Magistrate Judge did not misinterpret or misapply the law, nor did he overlook any law or fact. *See* L. Civ. R. 72.1(c)(1)(A). Additionally, the Court declines Defendants' request that the Court decide their motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' appeal is DENIED, and the Magistrate Judge's July 26 Order is AFFIRMED. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
